IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ROSBERG V. ROSBERG

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PAUL A. ROSBERG, APPELLANT,

V.

KELLY R. ROSBERG ET AL., APPELLEES.

Filed April 21, 2026.    No. A-25-528.

Appeal from the District Court for Knox County: DEREK C. WEIMER, Judge. Affirmed.

Paul A. Rosberg, pro se.

No appearance for appellee Kelly R. Rosberg.

Michael T. Hilgers, Attorney General, and Justin J. Hall for appellees Judges Kozisek, Kube, and Johnson.

RIEDMANN, Chief Judge, and BISHOP and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Paul A. Rosberg (Rosberg) filed an action seeking damages against his ex-wife, Kelly R. Rosberg (Kelly), and Judges Mark D. Kozisek, James G. Kube, and Mark A. Johnson. Rosberg, pro se, appeals from the Knox County District Court's order dismissing his complaint against each defendant for failure to provide proper service. Finding no plain error, we affirm.

## BACKGROUND

On October 17, 2024, Rosberg filed a complaint against Kelly and Judges Kozisek, Kube, and Johnson, alleging that the judges "aided Kelly" and prevented him from having visitation with his children for more than 8 years, and "[t]hese corupt [sic] chancery court Judges have prevented [him] from having excess [sic] to his common law district courts." Rosberg further alleged, "In

- 1 -

the most recent case where Kelly Rosberg was invol[v]ed Kozisek prevented [him] from having any kind of a hearing as well." Rosberg requested $5 million in damages from Kelly "for conspiring with these chancery court judges" to prevent him from having visitation and/or custody. He requested $1 million from each of the three judges "for conspiring unlawfully under color of law aiding and conspiring with Kelly Rosberg"--"[t]hey all were aware that case 14-51 had been moved out of the chancery court side of the District Court into the common law side of the District Court." (Emphasis in original.)

On March 18, 2025, Kelly, pro se, filed an "Answer/Motion to Dismiss," requesting that the district court dismiss Rosberg's complaint with prejudice, because it "is [barred] by the Property Settlement Agreement in Case No. CI-14-52." (Emphasis omitted.) She alleged, "The property settlement agreement incorporated into the final divorce decree in Case No. CI-14-52 explicitly states that . . . Paul . . . is prohibited from initiating legal action against [Kelly] outside the scope of that case." (Emphasis omitted.) Kelly further alleged that the complaint should be dismissed for failure to state a claim upon which relief can be granted (Neb. Ct. R. Pldg. § 6-1112(b)(6) (rev. 2008)) and lack of subject matter jurisdiction (§ 6-1112(b)(1)).

On April 23, 2025, Judges Kozisek, Kube, and Johnson filed a motion to dismiss, requesting that the district court dismiss Rosberg's complaint against them in their official and individual capacities for insufficient service of process. See § 6-1112(b)(5). The judges alleged that Rosberg failed to properly serve them in their official and individual capacities as required under Neb. Rev. Stat. § 25-510.02 (Reissue 2016) (service on state or political subdivision) and Neb. Rev. Stat. § 25-511 (Cum. Supp. 2024) (service on employee of the state). "Because over six months have passed since the filing of the lawsuit and Defendants have never been properly served, this court must dismiss the claims against them for failure of service as a court of law," pursuant to Neb. Rev. Stat. § 25-217 (Cum. Supp. 2024).

After a hearing on the motions to dismiss, the district court entered an order on May 28, 2025, dismissing Rosberg's complaint against all defendants. The court found:

[Rosberg's] Complaint was filed on October 17, 2024. A Praecipe was filed on February 20, 2025, seeking summonses for the Defendants [Kelly] and Kozisek. Summons for each were issued on that date. A return was filed noting that Defendant Kozisek was personally served by the Brown County Sheriff's Office on March 4, 2025. No return has been filed with respect to the summons issued for [Kelly]. There is no summons sought nor issued for the Defendants Kube and Johnson.

The court noted that each of the defendants had to be properly served by April 15, 2025; otherwise, the action against that defendant was dismissed by operation of law. See § 25-217 (each defendant in action must be served within 180 days of commencement of action; if any defendant not properly served within time specified then action against that defendant is dismissed, without prejudice, by operation of law; action commenced on day complaint is filed with court).

The district court found that Rosberg sought a summons for Kelly, and a summons was issued within the requisite timeframe. However, "No service was made, and no return of that summons has been filed." Because she was not served within 180 days of the commencement of the action, her motion to dismiss was granted. The court determined that the dismissal was "with prejudice" because "the case at bar is legally prohibited pursuant to the resolution reached in Knox

County District Court Case No. CI14-52." The court found "this action to be in contravention of the parties' agreement and the Court's orders therein."

The district court stated that Judge Kozisek was being sued for actions taken in his capacity as a district court judge presiding over this matter and as such, the manner of service of process is implicated. The court found that Judge Kozisek was personally served with the summons, and service was completed within the 180-day window provided by § 25-217. However, in order to properly serve Judge Kozisek, Rosberg also needed to comply with §§ 25-510.02 and 25-511, which required, among other things, that a summons be left or otherwise properly provided to the Attorney General's office. Because "[t]his was neither attempted nor completed in this matter," Judge Kozisek was not properly served within 180 days of the commencement of this action. Therefore, Judge Kozisek's motion to dismiss was granted and Rosberg's complaint against him was dismissed without prejudice.

The district court found that summonses were never sought against Judges Kube and Johnson and more than 180 days had passed since the commencement of the action against them. Therefore, their motion to dismiss was granted and Rosberg's complaint against them was dismissed without prejudice.

Rosberg's motion for reconsideration was overruled.

Rosberg appeals.

## ASSIGNMENT OF ERROR

Rosberg's brief contains no section for assignments of error. It does not comply with our appellate court rules.

Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2025) requires an appellant's brief to include, under the appropriate heading, "[a] separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." The rule specifies that "[e]ach assignment of error shall be separately numbered and paragraphed." *Id.* The rule cautions that "[c]onsideration of the case will be limited to errors assigned and discussed in the brief," but that "[t]he court may, at its option, notice a plain error not assigned." *Id.*

## STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

## ANALYSIS

Rosberg failed to assign errors or to comply with numerous other rules required of appellants when filing a brief before this court. See § 2-109(D). See, also, *Charter West Bank v. Riddle*, 314 Neb. 263, 989 N.W.2d 428 (2023) (self-represented litigant will receive same consideration as if he or she had been represented by attorney, and, concurrently, that litigant is held to same standards as one who is represented by counsel). Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. *County of Lancaster v. County of Custer, supra*. Any party who fails to properly identify and present its claim does so at its own peril. *Id.* Depending on the particulars of each case, failure to comply with the mandates

of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *County of Lancaster v. County of Custer, supra.* We elect to proceed under a plain error review.

The district court found that Rosberg's complaint against Kelly was dismissed as a matter of law because she was not served within 180 days of the filing of Rosberg's complaint. However, Kelly's "Answer/Motion to Dismiss" demonstrated a waiver of service of process because she sought relief on an issue other than the sufficiency of service or process--she raised the issue of the parties' property settlement agreement, along with Rosberg's failure to state a claim for which relief could be granted and a lack of subject matter jurisdiction. See Neb. Rev. Stat. § 25-516.01 (Cum. Supp. 2024) (voluntary appearance of party is equivalent to service). See, also, *Stone Land & Livestock Co. v. HBE*, 309 Neb. 970, 962 N.W.2d 903 (2021) (voluntary appearance refers to party who has not been served with process taking some action or making some submission to court that demonstrates intention to waive service of process; party makes voluntary appearance if it requests general relief from court on issue other than sufficiency of service or process, or personal jurisdiction). That said, we find no plain error in the court's determination that "the case at bar is legally prohibited pursuant to the resolution reached in Knox County District Court Case No. CI14-52."

We also find no plain error in the district court's dismissal of Rosberg's complaint against Judges Kozisek, Kube, and Johnson. Neither Judge Kube nor Judge Johnson were served within 180 days of the filing of Rosberg's complaint; thus, Rosberg's action against them was dismissed by operation of law. See § 25-217. While Judge Kozisek was personally served within 180 days of Rosberg's complaint, §§ 25-510.02 and 25-511 required the State to also be served by leaving summons with or otherwise provided to the Attorney General's office. Because the State was not served, Judge Kozisek was not properly served within the designated timeframe and Rosberg's action against him was dismissed by operation of law. See § 25-217.

While Rosberg argues on appeal that §§ 25-217, 25-510.02, and 25-511 are unconstitutional, he did not raise the constitutionality of these statutes to the district court prior to its order dismissing Rosberg's complaint; he raised the issue for the first time in his motion to reconsider. See *Swift v. Norwest Bank-Omaha West*, 285 Neb. 619, 828 N.W.2d 755 (2013) (a constitutional issue not presented to or passed upon by trial court is not appropriate for consideration on appeal). In any event, a party challenging the constitutionality of a statute must strictly comply with § 2-109(E). *SID No. 596 v. THG Development*, 315 Neb. 926, 2 N.W.3d 602 (2024). Section 2-109(E) requires, in part, that a party who asserts that a Nebraska statute is unconstitutional under the Nebraska Constitution or the U.S. Constitution must file and serve notice thereof with the Supreme Court Clerk. Additionally, if the Attorney General is not already a party to an action or representing a party to an action where the constitutionality of the statute is in issue, the brief asserting unconstitutionality must be served on the Attorney General. *Id.* Rosberg did not strictly comply with § 2-109(E).

CONCLUSION

Finding no plain error, we affirm the district court's May 28, 2025, order dismissing Rosberg's complaint against all defendants.

AFFIRMED.

- 4 -