IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ROSBERG V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PAUL A. ROSBERG, APPELLANT,

V.

LYNN SMITH ET AL., APPELLEES.

Filed April 28, 2026.    No. A-25-527.

Appeal from the District Court for Knox County: DEREK C. WEIMER, Judge. Affirmed.

Paul A. Rosberg, pro se.

No appearance for appellee Lisa C. Smith.

Samantha Holecek and Katherine Taylor, of Brogan Lammli, P.C., L.L.O., for appellees Lynn Smith and Jason Smith.

RIEDMANN, Chief Judge, and BISHOP and FREEMAN, Judges.

BISHOP, Judge.

## INTRODUCTION

Paul A. Rosberg filed an action against Lynn Smith, Lisa C. Smith, and Jason Smith. Rosberg, pro se, appeals from the Knox County District Court's order dismissing his complaint against each defendant on statute of limitations grounds and/or failure to provide proper service. Finding no plain error, we affirm.

## BACKGROUND

On March 18, 2024, Rosberg filed a complaint against Lynn, Lisa, and Jason. He stated that he was filing this case "in the District Court of Common Law," "where twelve jurors are the Court." Rosberg alleged that he rented land and "[t]he understanding was the Smiths[] were going to disc the land and then plant it" in the 2019 crop year. However, "the corn was not properly

- 1 -

planted" and Rosberg incurred extra expenses and a loss in corn value, monies he sought to recover in the lawsuit.

Also on March 18, 2024, Rosberg filed a "Motion Asking Permission to Pursue Litigation." He alleged that a "Chancery Court" judge issued "an unlawful order in another case saying [he] need[ed] to have permission from a chancery court judge to file any more lawsuits." He claimed that "[t]he corrupt chancery court judges have never allowed [him] to have that status hearing" in the other case, and he therefore could not serve the defendants. Rosberg requested that he "be allowed to have the defendants served and be allowed to pursue onward with this case."

In an order filed on October 7, 2024, the district court stated it had reviewed a court order prohibiting Rosberg from filing any lawsuit without permission of the court for a period of 3 years from August 31, 2021. The district court found that the 3-year restriction had lapsed and there were no orders preventing Rosberg from filing a complaint. It determined that leave of the court was no longer required, and that Rosberg could proceed on the filed complaint.

On February 20, 2025, Rosberg filed a praecipe for summonses to be issued for Lynn, Lisa, and Jason. Summonses were issued that same day. Returns for all three summonses were filed on February 21. The returns reflect that Lynn was served by "Personal Service" on February 20, and Jason was served by "Residential Service." No service was made on Lisa, and the "Comments" on the return state that she did not reside in Knox County, Nebraska.

On March 21, 2025, Lynn, Lisa, and Jason filed a "Motion to Dismiss & Answer." They requested that Rosberg's complaint be dismissed due to (1) being filed outside the 4-year statute of limitations in Neb. Rev. Stat. § 25-206 (Reissue 2016), and (2) a "failure of [s]ervice" pursuant to Neb. Rev. Stat. § 25-217 (Cum. Supp. 2024) because they were not properly served within the specified time frame. For their "Answer," Lynn, Lisa, and Jason alleged that if the motion to dismiss was not granted "then in the alternative," they denied each allegation in Rosberg's complaint "for lack of knowledge and improper defendants."

After a hearing on the motion to dismiss, at which Rosberg did not appear, the district court entered an order on May 28, 2025, dismissing Rosberg's complaint against all three defendants. The court stated that it had examined the pleadings and court file only, and no extrinsic evidence was considered. The court discussed Rosberg's motion asking for permission to pursue litigation, and it considered the motion "both moot and abandoned." The court then considered the defendants' two bases to challenge Rosberg's complaint--the statute of limitations and the failure of service of process.

The district court found that Rosberg's complaint alleged that the defendants did not adequately or properly perform under an oral contract for the 2019 crop year. Section 25-206 established a 4-year statute of limitations for Rosberg's cause of action, meaning he had to bring his case by 2023; however, he did not file his complaint until March 18, 2024. The court granted the defendants' motion to dismiss, and it dismissed Rosberg's complaint against them with prejudice "due to the statute of limitations prohibition."

"Notwithstanding [its] ruling" as to the statute of limitations, the district court noted that the defendants were each entitled to dismissal for failure of service as well, because they were not served within 180 days of the commencement of the action, as required by § 25-217. The court granted the defendants' motion to dismiss, and it dismissed Rosberg's complaint against them without prejudice on the failure of service.

Rosberg's June 6, 2025, motion for reconsideration was overruled on June 12. Rosberg filed his notice of appeal on July 11, 2025.

## ASSIGNMENT OF ERROR

Rosberg's brief contains no section for assignments of error. It does not comply with our appellate court rules.

Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2025) requires an appellant's brief to include, under the appropriate heading, "[a] separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." The rule specifies that "[e]ach assignment of error shall be separately numbered and paragraphed." *Id.* The rule cautions that "[c]onsideration of the case will be limited to errors assigned and discussed in the brief," but that "[t]he court may, at its option, notice a plain error not assigned." *Id.*

## STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023).

## ANALYSIS

### TIMELINESS OF APPEAL

Initially we note that in their brief, the Smiths claim that Rosberg's appeal should be dismissed with prejudice because he did not timely file the notice of appeal under Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2024).

Under § 25-1912, to vest an appellate court with jurisdiction, a party must timely file a notice of appeal. *Arnold v. Walz*, 306 Neb. 179, 944 N.W.2d 747 (2020). A party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing. *Id.* However, filing a timely motion for a new trial or a timely motion to alter or amend a judgment terminates the time in which a notice of appeal must be filed. *Id.* Instead, the 30-day period to appeal starts anew upon the entry of the order ruling upon the motion for a new trial or the motion to alter or amend a judgment. *Id.*

In some circumstances, an appellate court may treat a postjudgment motion under a different title as a motion to alter or amend a judgment, based on the actual relief it seeks, rather than the way it was titled by the movant. *Id.* A motion to reconsider may be treated as a motion to alter or amend under Neb. Rev. Stat. § 25-1329 (Reissue 2016) if it was filed no later than 10 days after the entry of judgment, and must seek substantive alteration of the judgment. *Arnold v. Walz, supra*. See, also, *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017) (if postjudgment motion seeks substantive alteration of judgment--as opposed to correction of clerical errors or relief wholly collateral to judgment--court may treat motion as one to alter or amend judgment).

The Smiths argue that Rosberg did not file any motion which would terminate the running time for filing a notice on an appeal because his motion "did not seek a substantive alteration of the judgment but relief wholly collateral to the judgment." Brief for appellees at 9. He "wishes to

see the Nebraska Statutes classified as void and unconstitutional as to bypass the judicial process and air his judicial grievances through this frivolous suit." *Id.* at 10.

In his motion for reconsideration, Rosberg did challenge the constitutionality of various statutes. However, his motion did not seek relief wholly collateral to the judgment, because he also challenged several findings made by the district court. He challenged the district court's decision to consider his motion asking for permission to pursue litigation as "both moot and abandoned." He claimed that the 4-year statute of limitations was not applicable because "the contract was expressed and implied," and the statute of limitations "would even be worthless on the chancery side of the court." And Rosberg challenged the court's findings regarding his efforts to serve Lisa. Because his motion for reconsideration sought substantive alteration of the judgment, it was a proper tolling motion, and his notice of appeal was timely filed within 30 days after the order ruling on his motion.

PLAIN ERROR REVIEW

Rosberg failed to assign errors or to comply with numerous other rules required of appellants when filing a brief before this court. See § 2-109(D). See, also, *Charter West Bank v. Riddle*, 314 Neb. 263, 989 N.W.2d 428 (2023) (self-represented litigant will receive same consideration as if he or she had been represented by attorney, and, concurrently, that litigant is held to same standards as one who is represented by counsel). Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. *County of Lancaster v. County of Custer, supra.* Any party who fails to properly identify and present its claim does so at its own peril. *Id.* Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *County of Lancaster v. County of Custer, supra.* We elect to proceed under a plain error review.

We find no plain error in the district court's dismissal, with prejudice, of Rosberg's complaint against Lynn, Lisa, and Jason. Section § 25-206 establishes a 4-year statute of limitations for "[a]n action upon a contract, not in writing." Rosberg's complaint alleged the parties' "understanding" related to the 2019 crop year. The 4-year statute of limitation ran in 2023; however, Rosberg did not file his complaint until March 18, 2024. Accordingly, the court did not plainly err in granting the defendants' motion to dismiss, with prejudice, "due to the statute of limitations prohibition."

While Rosberg argues on appeal that §§ 25-206 and 25-217 are unconstitutional, he did not raise the constitutionality of these statutes to the district court prior to its order dismissing Rosberg's complaint; he raised the issue for the first time in his motion to reconsider. See *Swift v. Norwest Bank-Omaha West*, 285 Neb. 619, 828 N.W.2d 755 (2013) (constitutional issue not presented to or passed upon by trial court is not appropriate for consideration on appeal). In any event, a party challenging the constitutionality of a statute must strictly comply with § 2-109(E). *SID No. 596 v. THG Development*, 315 Neb. 926, 2 N.W.3d 602 (2024). Section 2-109(E) requires, in part, that a party who asserts that a Nebraska statute is unconstitutional under the Nebraska Constitution or the U.S. Constitution must file and serve notice thereof with the Supreme Court Clerk. Additionally, if the Attorney General is not already a party to an action or representing a party to an action where the constitutionality of the statute is in issue, the brief asserting

unconstitutionality must be served on the Attorney General. *Id.* Rosberg did not strictly comply with § 2-109(E).

## CONCLUSION

Finding no plain error, we affirm the district court's May 28, 2025, order dismissing Rosberg's complaint against all defendants with prejudice.

AFFIRMED.